**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| KEVIN WELLINGTON, ) | 3:05-CV-0004-ECR (VPC) |
| Petitioner, ) | |
| vs. ) | **Order** |
| MICHAEL BUDGE, et. al. ) | |
| Respondents. ) | |

This is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Kevin Wellington, a prisoner at Lovelock Correctional Center.

Petitioner was convicted, pursuant to a guilty plea, in Nevada's Eighth Judicial District Court in 2002 of attempted murder, robbery, and conspiracy to commit robbery, and was sentenced to three concurrent prison terms of 96 to 240 months, 72 to 180 months, and 28 to 72 months. Petitioner was also ordered to pay $31,129.33 in restitution jointly and severally with his codefendant and $2291.80 in extradition fees.

Petitioner appealed from the conviction after his attempt to withdraw his guilty plea was denied. The Nevada Supreme Court affirmed his conviction on July 12, 2003.

Petitioner then filed a state post conviction petition, asserting seven grounds for relief:

> (1) Trial counsel's failure to call any witnesses or submit any mitigating evidence at sentencing constituted ineffective assistance of counsel in violation of Petitioner's Fifth,

Sixth, and Fourteenth Amendment rights to the United States Constitution and Article 1, Section 8 of the Nevada Constitution;

(2) Counsel's misadvise as to the sentence Petitioner would receive if he pled guilty constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution, rendering Petitioner's guilty plea involuntary;

(3) Counsel was ineffective for failing to provide necessary discovery prior to coercing Petitioner to plead guilty in violation of the Sixth and Fourteenth Amendments as guaranteed by the United States Constitution;

(4) Trial counsel was ineffective for failing to confer with Petitioner prior to entry of guilty plea in violation of Petitioner's Sixth and Fourteenth Amendment rights to the United States Constitution;

(5) Appellate counsel was ineffective for failing to confer with Petitioner concerning issues to be raised on direct appeal in violation of Petitioner's Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution;

(6) Appellate counsel was ineffective for failing to properly raise issues on appeal under both State and Federal Constitutional law in violation of Petitioner's Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution; and

(7) The district court abused its discretion by not allowing Petitioner to withdraw his plea prior to sentencing due to ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.

The state district court denied all of Petitioner's claims on the merits on August 10, 2004. Petitioner timely appealed to the Nevada Supreme Court, and the Court affirmed the district court on December 8, 2004.

Petitioner filed the instant petition (#7) on December 23, 2004. Respondents answered (#12), and there was no reply.

Petitioner raised six grounds for relief in this petition:

(1) Counsel was ineffective by coercing Petitioner to enter into a guilty plea prior to counsel and defendant receiving all

2

discovery from the state in violation of the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution;

(2) Trial counsel's failure to call any witnesses or submit any mitigating evidence at sentencing constituted ineffective assistance of counsel in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution;

(3) Counsel's misadvise as to the sentence Petitioner would receive if he pled guilty constituted ineffective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, rendering Petitioner's guilty plea involuntary;

(4) Counsel was ineffective for failing to secure and review discovery prior to coercing Petitioner to plead guilty in violation of the Sixth and Fourteenth Amendments as guaranteed by the United States Constitution;

(5) Appellate counsel was ineffective for failing to confer with Petitioner concerning issues to be raised on direct appeal in violation of Petitioner's Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution; and

(6) The district court abused its discretion by not allowing Petitioner to withdraw his plea prior to sentencing due to ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.

The six grounds for relief before this Court are largely the same as those raised before the state courts; however, the present Grounds 1, 2, 3, and 6 list additional Constitutional rights of "Due Process," and Grounds 2 and 3 list additional rights under the Fifth Amendment.

Any alteration to the original claims appears to be incidental. To the extent the present action exceeds the scope of the claims presented to the state courts, the Court will dismiss those claims as procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (noting "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to

3

present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas").

## I. Federal Habeas Corpus Standard

Title 28 of United States Code § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this Court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

These standards of review "reflect the ... general requirement that federal courts not disturb state court determinations unless the state court has failed to follow the law as explicated by the Supreme Court." Davis v. Kramer, 167 F.3d 494, 500 (9th Cir. 1999).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

4

a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000), and citing Bell v. Cone, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Lockyer v. Andrade, 123 S.Ct. at 1174 (quoting Williams, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. Id. (quoting Williams, 529 U.S. at 409).

In determining whether a state court decision is contrary to federal law, this Court looks to the state courts' last reasoned decision. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), cert. denied, 122 S.Ct. 324 (2001).

With respect to pure questions of fact, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

//

## II. Discussion

### A. Petitioner's Claims of Ineffective Assistance of Counsel

Petitioner raises several related claims alleging that he received ineffective assistance of counsel. Petitioner's first and fourth claims generally allege that counsel did not obtain and review all discovery before meeting with Petitioner and encouraging Petitioner to enter a plea. The discovery purportedly would have shown that Petitioner's codefendant had made inculpatory statements where she took all responsibility for the crimes. Petitioner argues that had he known of these statements, he would not have taken the plea deal offered to him.

Petitioner's second claim alleges that he received ineffective assistance of counsel because no mitigating evidence was presented at sentencing. With his third claim, Petitioner contends that counsel informed Petitioner that he would receive the same sentence as his codefendant; however, Petitioner argues that the sentence he received was actually more severe than his counsel "guaranteed." Based on this, Petitioner asseverates that he received ineffective assistance of counsel.

Petitioner's fifth claim relates to his appellate counsel. Petitioner contends that his appellate counsel failed to raise issues on direct appeal in a constitutional manner. Namely, counsel did not raise the discovery issue on appeal, which forced Petitioner to raise the issue in his post-conviction state proceedings.

Similarly, Petitioner's sixth claim is that the trial court abused its discretion in denying petitioner's motion to withdraw his guilty plea on account of ineffective assistance of counsel.

### B. Ineffective Assistance of Counsel Standard

In McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970), the Supreme Court declared that "the right to counsel is the right to the effective assistance of counsel." In Strickland v. Washington, 466 U.S. 668 (1984), the Court established the standards by which claims of ineffective counsel are to be measured. In Strickland, the Court propounded a two prong test; a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694.

Regarding the first prong — commonly known as the "effectiveness prong" — the Strickland Court expressly declined to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. Id. Defense counsel's duties are not to be defined so exhaustively as to give rise to a "checklist for judicial evaluation ... [because] [a]ny such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id.

The Strickland Court instructed that review of an attorney's performance must be "highly deferential," and must adopt counsel's

7

perspective at the time of the challenged conduct, in order to avoid the "distorting effects of hindsight." Id. at 689.  A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] the [petitioner] must overcome the presumption that ... the challenged action might be considered sound trial strategy." Id. (citation omitted).

Construing the Sixth Amendment to guarantee not effective counsel per se, but rather a fair proceeding with a reliable outcome, the Strickland Court concluded that demonstrating that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance.  In order to satisfy Strickland's second prong, the defendant must show that the attorney's sub-par performance prejudiced the defense.  Id. at 691-92.  The test is whether there is a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different.  Id. at 691-94. The Court defined reasonable probability as "a probability sufficient to undermine confidence in the outcome."  Id. at 694.

**C. Analysis**

We do not find that the Nevada Supreme Court failed to follow the law as explicated by the Supreme Court of the United States.

First, the Nevada Supreme Court found that Petitioner did not receive ineffective assistance of counsel.  The Court noted with approval the state district court's three reasons for finding that Wellington's assistance of counsel was not ineffective: (1) the district court was "not convinced" that counsel would have

1 recommended that Wellington not plead guilty had counsel been in
2 possession of the codefendant's statement; (2) Wellington was
3 advised sufficiently of the potential sentence; and (3) the plea
4 deal was "significantly beneficial" and provided Wellington with
5 "considerably less exposure."  Order of Affirmance, No. 40569 at 4
6 (June 12, 2003).

7    Second, the Nevada Supreme Court clearly explained why the
8 state district court did not abuse its discretion in denying
9 Petitioner's motion to withdraw his guilty plea.  The Court noted
10 that "the statement made by Wellington's codefendant clearly and
11 explicitly implicates him in the crimes for which he was convicted,
12 and contains no exculpatory information whatsoever."  Id. at 3.  The
13 Court continued, "Wellington's own statement to authorities in
14 Florida was inculpatory, and his claim the statement was missing
15 pages does not explain how it could have rendered his guilty plea
16 invalid."  Id.

17    Thus, it does not appear that Petitioner's representation fell
18 below an objective standard of reasonableness, nor does it seem that
19 Petitioner's attorney prejudiced him in any constitutionally
20 significant manner.

21    **IT IS THEREFORE HEREBY ORDERED THAT** the petition for writ of
22 habeas corpus (#7) is **DENIED.**

23    The clerk shall enter judgment accordingly.

24

25 DATED: March __27__, 2008.

26
                                    _____
27                                  UNITED STATES DISTRICT JUDGE

28
                                    9